UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.  8:16-cr-404-SDM-JSS
                                                                       8:21-cv-474-SDM-JSS

JARVIS RODRICK THOMAS
_____

## ORDER

Jarvis Rodrick Thomas moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for possessing with intent to distribute methamphetamine, for which he is imprisoned for 210 months.  Thomas claims he received ineffective assistance of counsel concerning his guilty plea.

## I.  BACKGROUND

Under a plea agreement Thomas pleaded guilty to possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.  The United States agreed to dismiss the remaining charges from the indictment.

The presentence report calculates a total offense level of 33, a criminal history category of VI, and an advisory guidelines range of 235 to 293 months.  (Crim. Doc. 29 at ¶ 122)  Citing his lack of youthful guidance, the district court varied downward from the advisory guidelines range and sentenced Thomas to 210 months. (Crim. Doc. 37 at 3)

Thomas moved to vacate his conviction and sentence under 28 U.S.C. § 2255 and claimed, in part, that counsel was ineffective for not appealing. *Thomas v. United States*, 8:18-cv-3081-EAK-JSS. The district court granted the motion to allow Thomas to file an out of time appeal. After an independent examination of the record showed no arguable issue of merit, the circuit court affirmed Thomas's conviction and sentence. *United States v. Thomas*, 777 F. App'x 462 (11th Cir. 2019).

## III.   DISCUSSION

Thomas again moves to vacate his conviction and sentence and raises ineffective assistance of counsel concerning his guilty plea. *Riolo v. United States*, 38 F.4th 956, 967 (11th Cir. 2022), explains the applicable ineffective assistance of counsel standard:

> The question of whether an attorney provided ineffective assistance of counsel in the context of a guilty plea is subject to the familiar two-part inquiry first spelled out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The movant "must show (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Martin v. United States*, 949 F.3d 662, 667 (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052). Although the prejudice inquiry differs somewhat in the guilty plea context, our review of the adequacy of an attorney's performance is much the same. To show deficient performance, the movant must establish that his attorney's representation "fell below an objective standard of reasonableness." *Id*. (internal quotation marks omitted). The "petitioner bears the heavy burden of showing that no competent counsel would have taken the action that his counsel did take." *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (internal quotation marks omitted).

Thomas claims that he received ineffective assistance of counsel concerning his guilty plea because (1) counsel promised him a shorter sentence, (2) counsel

coerced him into pleading guilty, and (3) counsel neglected to submit him for a psychological evaluation before he pleaded guilty.

### A.   Counsel promised a shorter sentence.

Thomas claims counsel promised him a 180-month sentence if he pleaded guilty.  He argues that counsel should have known that his prior criminal history and a firearm enhancement would result in a guidelines range of 235 to 293 months, which "is roughly five to ten years greater than the maximum sentence exposure counsel conveyed to [him]."  (Civ. Doc. 2 at 9)  He argues that counsel's gross underestimation of his sentencing exposure constitutes evidence that, absent counsel's promise of a 180-month sentence, he would have pleaded not guilty and proceeded to trial.

Thomas's claim is refuted by the plea agreement and his sworn statements at both the plea hearing and the sentencing hearing.  Containing no promise of a specific sentence, the plea agreement states that Thomas faced a minimum sentence of 120 months and a maximum sentence of life imprisonment.  (Crim. Doc. 20 at 1) Thomas initialed each page and signed the plea agreement.

At the plea hearing, Thomas confirmed that he reviewed the plea agreement with counsel and understood its terms and that he was satisfied with counsel's representation.  He explicitly confirmed his understanding that (1) he faced a sentence of ten years to life imprisonment, (2) the sentencing guidelines are advisory, and (3) counsel could not guarantee a particular sentence (Crim. Doc. 74 at 9–12):

> COURT:  The penalties that you face for Count One are as
> follows: A potential sentence of up to life

imprisonment and a mandatory minimum term of ten years, so ten up to life, a fine of up to $10 million, term of supervised release of at least five years up to life and a special assessment of $100 due on the day of sentencing. . . . Do you understand the penalties you face?

THOMAS:     Yes, Sir.

COURT:      Do you specifically understand you're facing a ten year minimum mandatory sentence?

THOMAS:     Yes, sir.
. . .

COURT:      Mr. Hall may have given you some opinion about what he thinks your sentence will be and what your advisory guideline range might be. If the sentence, however, is more severe than what you expected, you will not be able to withdraw your plea of guilty. Do you understand that?

THOMAS:     Yes, sir.

COURT:      The sentencing guidelines are advisory and that means the judge can give you a sentence that's more or less than what your advisory guideline range calls for. In your case, as I said, you're facing a ten year minimum mandatory sentence and so the judge's authority to sentence you below that amount is severely restricted. Do you understand this?

THOMAS:     Yes, sir.

During the hearing Thomas twice confirmed that, other than the promises contained in the plea agreement, no one had promised him anything to persuade him to plead guilty.  (Crim. Doc. 74 at 8 and 13)  At the conclusion of the hearing the magistrate judge found that Thomas was pleading guilty freely, voluntarily, and knowingly with the advice of counsel, and Thomas never objected to this finding.

At the sentencing hearing, Thomas made no attempt to withdraw his guilty

plea after the presentence report calculated an advisory guidelines range of 235 to 293 months.  And, he neglected to inform the district court during allocution of his claim that counsel promised him a 180-month sentence.

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void.  A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 493 (1962).  However, a defendant's statements at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements under oath at a plea colloquy are true.").  "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Thomas offers insufficient evidence to disavow his affirmations under oath that he understood he faced a sentence of ten years to life imprisonment and that no one had promised him anything to induce his pleading guilty.  "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.  Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017).  To substantiate his *post hoc* assertion that he would have proceeded to trial but for counsel's promise of a 180-month sentence,

Thomas points to counsel's underestimation of his sentencing exposure.  However, an inaccurate sentencing prediction is insufficient if the defendant knew the maximum possible sentence.  *See United States v. Himick*, 139 F. App'x 227, 228–29 (11th Cir. 2005) (citing *United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990) ("A defendant's reliance on an attorney's mistaken impression about the length of his sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence.").  Thomas confirmed in both the plea agreement and at the plea hearing his understanding that he faced a maximum possible sentence of life imprisonment.  Because he knew he faced a life sentence, Thomas cannot show he was prejudiced by counsel's alleged promise of a 180-month sentence.

> **B.    Counsel coerced Thomas to plead guilty.**

In his sworn declaration, Thomas alleges that counsel "warned [him] that if [he] didn't plead guilty [he] would get a life sentence and the prosecutor would lock-up [his] girlfriend and take away [his] unborn child."  (Civ. Doc. 6 at 2)  The district court construes this accusation as a claim that counsel coerced Thomas into pleading guilty.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore by liberally construed.").

Thomas supports this vague claim with no detail about the alleged threat to his girlfriend and unborn child.  And, he points to no record evidence that supports this claim.  A movant is not entitled to relief when his claim is merely "conclusory

allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Saunders v. United States*, 278 F. App'x 976, 979 (11th Cir. 2008) (explaining that a defendant must allege "reasonably specific, non-conclusory facts . . . to undermine confidence in the outcome").

Also, Thomas's claim is refuted by his statements under oath at the plea hearing. When asked whether "anyone threatened [him] or forced [him] in any way to get [him] to plead guilty?," Thomas responded, "No, sir." (Crim. Doc. 74 at 8). Thomas is entitled to no relief because, other than his unsubstantiated claim that counsel threatened him, he offers no evidence to disavow his statements under oath that he was not coerced to plead guilty.

### C.    Counsel neglected to obtain a psychological evaluation.

In his sworn declaration, Thomas states that "[he] was on Prozac during the change of plea hearing[, which] caused occasional confusion." (Civ. Doc. 6 at 3) The district court construes this allegation as a claim that Thomas was under the influence of a drug and counsel was ineffective for not obtaining a psychological evaluation of Thomas before he pleaded guilty.

Again, Thomas supports this vague claim with no detail. And, the claim is refuted by his sworn statements at his plea hearing. In fact, Thomas explicitly testified that his medication caused him no confusion (Crim. Doc. 74 at 4–5):

> COURT:    Have you ever been treated for any type of
> mental illness or addiction to narcotic drugs of
> any kind?

| | |
|---|---|
| THOMAS: | Uh, slightly. |
| COURT: | For drugs or for mental illness? |
| THOMAS: | Mental ill[ness]. |
| COURT: | How long ago was that? |
| THOMAS: | A couple years ago. |
| COURT: | Have you ever been declared incompetent by any court? |
| THOMAS: | No, sir. |
| COURT: | Are you now under the influence of any drug or medication or alcoholic beverage? |
| THOMAS: | Medication. |
| COURT: | Does that medication cause you to be confused in any way? |
| THOMAS: | No, sir. |

Because Thomas testified that his medication caused him no confusion, he cannot show counsel was ineffective for not obtaining a psychological evaluation or that he was prejudiced by counsel's performance. *See Holladay v. Haley*, 209 F.3d 1243, 1250 (11th Cir. 2000) ("[C]ounsel is not required to seek an independent evaluation when the defendant does not display strong evidence of mental problems."). Also, attached to Thomas's sentencing memorandum was a certificate of his successful completion of an addiction and mental health program at Operation PAR, Inc., during his pre-trial detention. (Crim. Doc. 31-1) The presentence report confirms that at the time of his sentencing Thomas had undergone a mental health evaluation. (Crim. Doc. 29 at ¶ 101)

Thomas's Section 2255 motion is **DENIED**.  The clerk is directed to enter a judgment against Thomas, close this case, and enter a copy of this order in the criminal case.

## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS

Thomas is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Thomas must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Thomas is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Thomas must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 12th, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE